UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **KIM SIMON** | **CIV. ACTION NO. 3:21-03800** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **KANSAS CITY SOUTHERN RAILWAY CO.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to remand [doc. # 11] filed by Plaintiff Kim Simon. The motion is opposed. For reasons set forth below, it is recommended that the motion be DENIED.

## Background

On June 3, 2021, Plaintiff Kim Simon filed the instant petition for damages against Defendant Kansas City Southern Railroad Company ("KCSR") in the Sixth Judicial District Court for the Parish of Madison, State of Louisiana. *See* Petition. Simon alleged that on May 27, 2020, she "was injured at the railroad track while in her vehicle . . ." and "sustained serious personal, progressive, and permanent injuries," as a result of KCSR's negligence. *Id*.

On October 28, 2021, KCSR removed this matter to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. (Notice of Removal).

On November 22, 2021, Simon filed the instant motion to remand for lack of subject matter jurisdiction on the asserted grounds that the amount in controversy does not exceed the jurisdictional minimum. 28 U.S.C. § 1447(c). In support of her motion, Simon stated that the

1

amount in controversy was only $69,750, that she had finished her treatment, and that she did not suffer any permanent disability. (M/Remand [doc. # 11]).[1]

On December 10, 2021, Simon filed a "reply" in support of her motion to remand wherein she asserted that "[u]pon information and belief, the tests conducted and x rays taken showed no deformity, but soft tissue injury." (Pl. Reply [doc. # 15]). She added that the "duration of treatment was for less than (6) months without permanent injuries." *Id*.

On December 13, 2021, KCSR filed its opposition brief wherein it argued that, at the time of removal, it was facially apparent that the amount in controversy exceeded $75,000, and, regardless, Simon's pre-suit demand letter for $79,969.20 conclusively established that the jurisdictional minimum was satisfied. (Def. Opp. Memo. [doc. # 16]).

Simon did not file a (further) reply, and the time to do so has passed. *See* Notice of Motion Setting [doc. # 12].

## **Law**

A defendant may remove an action from state court to federal court, provided the action is one in which the federal court may exercise original jurisdiction. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing 28 U.S.C. ' 1441(a)). The removing defendant bears the burden of establishing federal subject matter jurisdiction and

---

[1] Four days earlier, on November 18, 2021, Simon filed a Supplemental and Amending Petition to join Louisiana resident, Smithe Walter, Jr., as the operator/driver of certain KCSR equipment. [doc. # 7]. However, the Clerk of Court documented various deficiencies with the submission and accorded Simon ten days to correct same. *See* Notice of Deficient Document [doc. # 8]. To date, however, there is no indication that she has done so. Furthermore, if Simon ultimately files a motion for leave to amend to add a potentially diversity destroying defendant, then she must comply with Local Rule 7.6, ¶ 3.

ensuring compliance with the procedural requirements of removal. *Id*. Because federal courts are courts of limited jurisdiction, a suit is presumed to lie outside this limited jurisdiction unless and until the party invoking federal jurisdiction establishes to the contrary. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citation omitted). The removal statutes are strictly construed in favor of remand. *Manguno, supra*.

In this case, KCSR invoked the court's subject matter jurisdiction via diversity, which requires complete diversity of citizenship between plaintiff and defendant, and an amount in controversy greater than $75,000. 28 U.S.C. § 1332(a). Simon does not dispute that the parties are completely diverse;[2] rather, she contests that the amount in controversy exceeds $75,000.

Pursuant to the Federal Courts Jurisdiction and Venue Clarification Act of 2011 ("JVCA"), the removal statute now specifies that

> [i]f removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that--
>
> **(A)** the notice of removal may assert the amount in controversy if the initial pleading seeks—
> \* \* \*
>
> **(ii)** a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded . . .

28 U.S.C. § 1446(c)(2)(A)(ii).

---

[2] Simon is a Louisiana domiciliary, and KCSR is a Missouri corporation, with its principal place of business in said state. *See* Notice of Removal and La. Sec'y of State record, Exh. B.

In Louisiana state court cases, plaintiffs are prohibited from alleging a monetary amount of damages in the petition. LA. CODE CIV. P. ART. 893 (as amended by Acts 2004, No. 334).[3] Thus, the removing defendant must assert the amount in controversy in the notice of removal, which "should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 135 S. Ct. 547, 554 (2014). Here, of course, plaintiff *does* challenge defendant's amount in controversy allegation, thereby triggering the requirement for both sides to submit proof and for the court to decide by a preponderance of the evidence whether the amount-in-controversy requirement has been satisfied. *Id*.

To satisfy the preponderance standard, the removing defendant may support federal jurisdiction "in either of two ways: (1) by demonstrating that it is facially apparent from the petition that the claim likely exceeds $75,000 or (2) by setting forth *the facts* in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount." *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (citations and internal quotation marks omitted); *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 774 (5th Cir. 2003); *accord St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1254 (5th Cir. 1998). Removal cannot be supported by conclusory allegations, *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 n.7 (5th Cir. 1999), and "[a]ny ambiguities are construed against removal

---

[3] Albeit, plaintiffs are required to allege when their damages are insufficient to support federal jurisdiction. LA. CODE CIV. P. ART. 893A. However, courts have recognized that a party cannot create federal jurisdiction by omission, which is just as likely the result of inadvertence, rather than by design. *See, e.g., Lilly v. Big E Drilling Co.*, Civ Action No. 07-1099, 2007 WL 2407254 (W.D. La. Aug. 20, 2007).

because the removal statute should be strictly construed in favor of remand." *Manguno, supra*. Moreover, defendant must do more than assert that a state law *might* allow a plaintiff to recover more than what is pled; defendant must set forth evidence that establishes that the actual amount in controversy exceeds $75,000. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

If the removing defendant establishes by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount, remand is proper only if the plaintiff then "demonstrate[s] to a legal certainty that [she] can not recover more than the jurisdictional amount." *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 388 (5th Cir. 2009). Plaintiff's "legal certainty" obligation may be satisfied, *inter alia*, if she files a binding stipulation or affidavit. *De Aguilar, supra*.

A court may consider post-removal affidavits as long as the amount in controversy at the time of removal was ambiguous and the affidavit/stipulation relates to the amount in controversy at the time of removal.[4] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). Thus, "if it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction." *Gebbia, supra* (citations omitted).

---

[4] When resolving a motion to remand, it is axiomatic that courts look at jurisdictional facts as they existed when the case was removed. *Asociacion Nacional de Pescadores v. Dow Quimica*, 988 F. 2d 559, 565 (5th Cir. 1993), *abrogated on other grounds by Marathon Oil Co. v. A.G. Ruhrgas*, 145 F.3d 211 (5th Cir. 1998) ("*ANPAC*").

## Analysis

**I.    Facially Apparent**

The Fifth Circuit consistently has held that where "plaintiff either alleged specific, quantifiable categories of severe damages or otherwise alleged permanent injuries," it is facially apparent that the claims exceed $75,000. *Outlaw v. Cortez*, No. Civ. Action No. 19-0462, 2019 WL 5849703, at *5 (M.D. La. Oct. 23, 2019), *R&R adopted*, 2019 WL 5847838 (M.D. La. Nov. 7, 2019). In *Hernandez v. USA Hosts, Ltd.*, for example, the Fifth Circuit held that the amount in controversy requirement was facially apparent in a tort action where the plaintiff fell while boarding a shuttle bus. *Hernandez v. USA Hosts, Ltd.*, 418 F. App'x 293, 294 (5th Cir. 2011). In that case, the plaintiff alleged that she

> sustained serious personal injuries to her back, knees, shoulder and body as a whole, including but not limited to aggravation of pre-existing conditions, which have caused substantial physical pain and suffering; mental anguish; emotional distress; medical expenses; loss of enjoyment of life; lost wages; property damage; and, other elements of damages which will be demonstrated at the trial of this matter.

*Id.* Hernandez further claimed that her losses were "permanent, or continuing in nature," and that she would "suffer losses in the future." *Id.*, *see also Gebbia, supra* (facially apparent that jurisdictional minimum was met where the plaintiff claimed damages for "medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement" resulting from "injuries to her right wrist, left knee, patella and upper and lower back"); *Pollet v. Sears Roebuck & Co.*, , *2-3 (5th Cir. 2002) (facially apparent that amount in controversy was satisfied where the plaintiff claimed "serious and painful injuries . . . to her face, left elbow, left hand, and tail bone" as a result of her fall, and that she "ha[d] sustained residual and permanent disabilities and

6

impairments"); *but see Simon, supra* (not facially apparent that the amount in controversy exceeded $75,000 where the complaint did not allege permanent damage or disability, nor other categories of damages such as emotional distress, or functional impairments, which would have supported a substantially larger monetary basis for federal jurisdiction).

In this case, Simon alleged that she sustained "serious personal progressive, and permanent injuries" that supported a damages award for physical pain and suffering, permanent disability, mental anguish/emotional distress, present and future medical expenses, and economic losses. (Petition, ¶¶ III-IV). As in *Hernandez*, *supra*, Simon has alleged both permanent disability and specific categories of severe damages that make it "facially apparent" that the amount in controversy exceeded $75,000 at the time of removal. *See also Gebbia, supra*. Accordingly, the jurisdictional threshold amount is met.

## II. Supporting Evidence

Even if the amount in controversy were not apparent from the face of Simon's petition, summary judgment type evidence attached to the notice of removal establishes that the amount in controversy exceeded $75,000. *See Scarlott v. Nissan N. Am., Inc.,* 771 F.3d 883, 888 (5th Cir. 2014); *White v. FCI USA, Inc.,* 319 F.3d 672, 675 (5th Cir. 2003) (court may rely on "summary judgment-type" evidence to ascertain the amount in controversy). Furthermore, pre-petition settlement demand letters constitute summary judgment-type evidence that may be relied upon to prove the amount in controversy. *See Carver v. Wal-Mart Stores, Inc.*, Civ. Action No. 08-0042, 2008 WL 2050987 (E.D. La. May 13, 2008) (copy of a $150,000 pre-suit settlement demand by plaintiff sufficed to establish that the jurisdictional threshold was met); *see also Fairchild v. State Farm Mut. Automobile Ins. Co.*, 907 F. Supp. 969 (M.D. La. 1995) (holding

that plaintiff's pre-suit settlement letter offering to settle the case for $110,000 proved by a preponderance of the evidence that the amount in controversy exceeded the jurisdictional threshold).

On May 14, 2021, less than three weeks before suit was filed in this case, Simon's attorney sent a letter to KCSR's claims agent, Kenyatta Cropper, wherein he asked KCSR to "tender the sum of $67,750.00 plus medical specials of $12,219.20 for amicable resolution of this case." (May 14, 2021, Letter from S. Busari to K. Cropper; Notice of Removal, Exh. C).[5] In other words, Simon offered to settle the case for a total of $79,969.20, which plainly exceeds the jurisdictional minimum. Moreover, a "plaintiff's settlement offer is ordinarily less than the damages the plaintiff expects to receive if victorious at trial, because the offer is obviously discounted by the risk of an outright loss at trial." *Pollet, supra*.

In short, KCSR has proven by a preponderance of the evidence that the amount in controversy exceeded $75,000, at the time of removal.

## III. Legal Certainty

A plaintiff may establish to a "legal certainty" that she will not be able to recover the jurisdictional amount by (1) showing state procedural rules binding the plaintiff to her pleadings, or (2) filing a binding stipulation or affidavit to that effect with the complaint. *Carver, supra* (citing *De Aguilar, supra*).

Here, the first prong is inapplicable because Simon did not identify any state procedural rule that would limit her recovery. Regarding the second prong, while Simon *now* contends that the amount in controversy is only $69,750, she did not so bind herself via stipulation or affidavit

---

[5] *See also* Declaration of Kenyatta Cropper; Def. Opp., Exh. A.

attached to her original petition. In addition, the amount in controversy was not ambiguous at the time of removal, as required to permit a post-removal stipulation or affidavit. *See* discussion, *supra*; *Gebbia, supra*. Indeed, it has long been the rule that "events occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of h[er] volition, do not oust the district court's jurisdiction once it has attached." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293; 58 S.Ct. 586, 592 (1938).

In sum, Simon has not shown to a legal certainty that her recovery cannot exceed $75,000.

## Conclusion

For the above-assigned reasons, the court finds that removing defendant has established by a preponderance of evidence that the amount in controversy exceeded $75,000 at the time of removal. Therefore, the court enjoys subject matter jurisdiction, via diversity. 28 U.S.C. § 1332. Accordingly,

IT IS RECOMMENDED that the motion to remand [doc. # 11] filed by Plaintiff Kim Simon be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, on this 22nd day of December, 2021.

KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE